UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ARMSTEAD,<br>    Petitioner,<br>    v.<br>UNKNOWN,<br>    Respondent. | NO. CV 12-25-CJC (AGR)<br><br>**ORDER TO SHOW CAUSE** |

On January 3, 2012, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the petition is moot.

The court, therefore, orders Petitioner to show cause, on or before ***February 24, 2012***, why this court should not recommend dismissal of the petition based on mootness.

///
///
///
///

# I.

# BACKGROUND

On January 3, 2012, Petitioner, who was incarcerated at California Rehabilitation Center, filed a California state form Petition for Writ of Habeas Corpus (Dkt. No. 1) and a document entitled "Emergency Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities in Support Thereof" (Dkt. No. 3, "Memorandum").

According to Petitioner, the prison miscalculated his parole release date "several" times. (Memorandum at 1.) At his last computation hearing, Petitioner was informed he would be released on December 21, 2011. (*Id.*) On December 19, 2011, Petitioner "inadvertently discovered" that his release date was "changed" to December 29, 2011. (*Id.* at 2.) Petitioner alleges the change in his release date violated his due process rights and the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id.* at 3.) Petitioner requests an order "immediately releas[ing]" him. (*Id.*)[1]

# II.

# DISCUSSION

Mootness is jurisdictional. *See Koppers Indus. v. U.S.E.P.A.*, 902 F.2d 756, 758 (9th Cir. 1990). The fundamental issue in deciding mootness is whether there is a current controversy to which effective relief can be granted. *American Rivers v. National Marine Fishery Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

---

[1] On January 17, 2012, the district court denied Petitioner's request for a preliminary injunction as moot. (Dkt. No. 5.)

1  *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)
2  (citation and quotation marks omitted).

3  In the context of whether a habeas petition is moot, the "analysis is specifically limited to the sort of equitable relief we may grant in response to a habeas petition." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). A habeas petition is moot when the petitioner "seeks relief [that] cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus." *Id.* at 1000-01 (citation, quotation marks, and ellipses omitted).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. Immigration and Naturalization Service*, 488 F.3d 1061, 1064 (9th Cir. 2007).

December 29, 2011, is now past. According to the California Department of Corrections & Rehabilitation's online Inmate Locator (http://inmatelocator.cdcr.ca.gov/default.aspx - accessed on January 23, 2012), entering Petitioner's CDC number P87679 (Memorandum at 2) obtains the message "No records found matching that criteria," which indicates that Petitioner is no longer incarcerated under that number. *See Morris v. Hartley*, 2011 WL 5827965, *1 n.1 (C.D. Cal. 2011) (using the California online Inmate Locator to determine an inmate's location); *Roberts v. Cate*, 2011 WL 4405821, *4 n.3 (E.D. Cal. 2011) (same); *see also United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the Bureau of Prison's online Inmate Locator to determine that the defendant was released from custody).

In addition, on January 18, 2012, mail sent to Petitioner was returned by the prison as unable to forward because Petitioner had been paroled. (Dkt. No. 6.)

///
///

## III.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before **February 24, 2012**, Petitioner shall show cause, if there be any, why the court should not recommend dismissal of the petition based on mootness.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed based mootness.**

DATED: January 24, 2012

*Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

4